IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RODNEY JAMES REDMOND,

                          Plaintiff,                              OPINION & ORDER

    v.

SALAM SYED,[1]                                              15-cv-672-jdp

                          Defendant.

---

Plaintiff Rodney James Redmond, a prisoner housed at the Columbia Correctional Institution (CCI), brings this case alleging that defendant Dr. Salam Syed delayed in removing a bullet fragment from his chest and failed to give him pain medication.

I previously denied Redmond's motion for assistance in recruiting counsel because he did not show that he had contacted at least three outside attorneys who declined to represent him, and because it was too early to tell whether the legal and factual difficulty of this case exceeded his ability to prosecute it. Dkt. 9. Redmond renewed his motion, this time including four attorney rejection letters, but not including any more information about his ability to litigate the case other than a document showing that he was being treated by the prison Psychiatric Services Unit. Dkt. 12. The document does not indicate that he is incapable of litigating a straightforward lawsuit like this one.

Redmond then filed a motion for summary judgment, to which Syed responded by filing his own consolidated response and own motion for summary judgment. Redmond did not file a substantive response to that submission, instead submitting a letter stating that he assumes that his renewed motion for recruitment of counsel is denied and that he would like

---

[1] I have amended the caption to reflect the correct spelling of defendant Syed's name.

to voluntarily dismiss the case because he "cannot understand some of the medical language used by the defendant." Dkt. 25.

Defendant Syed states that he "has no objection to Redmond's request that the Court dismiss this action," and alternatively "requests that this Court grant him summary judgment and dismiss the action for lack of prosecution." Dkt. 26.[2] Because each party has filed a motion for summary judgment, I conclude that the appropriate course of action is to consider those motions. Those filings make clear that summary judgment should be granted to Syed.

Given the parties' submissions outlining the issues in dispute in this case, I will formally deny Redmond's motion for recruitment of counsel. My review of the summary judgment filings shows that the case does not boil down to issues involving complex medical terminology; the case is a relatively straightforward one about the reasons for the timing of the bullet-removal surgery and the provision of pain medication. The problem with this case for Redmond is not that he litigated it pro se; it is that the record does not reveal any reason for a jury to conclude that Syed acted with deliberate indifference.

Redmond felt pain from the bullet after he bumped the area of his chest where the bullet was located. But Redmond was not in constant pain or otherwise in any danger from the bullet, and he received Tylenol when he asked for it. The surgery did not happen right away because Syed wanted to confirm that the lump Redmond complained of was in fact a bullet, CCI was placed on lockdown for a time, and Redmond was transferred to the Wisconsin Resource Center. Syed removed the bullet about a month after Redmond returned

---

[2] This response is imprecise—the state does not explain whether it agrees to dismissal with or without prejudice, and a grant of summary judgment is different from dismissal for lack of prosecution. In the future, the state should make sure to explain on what terms it would stipulate to a plaintiff's request to voluntarily dismiss a case.

to CCI. Given these facts, no reasonable jury would conclude that Syed acted with deliberate difference. Therefore, I will grant summary judgment to Syed and dismiss the case.

ORDER

IT IS ORDERED that:

1. Plaintiff Rodney James Redmond's motion for the court's assistance in recruiting counsel, Dkt. 12, is DENIED.

2. Defendant Salam Syed's motion for summary judgment, Dkt. 19, is GRANTED, and plaintiff's motion for summary judgment, Dkt. 15, is DENIED.

3. The clerk of court is directed to enter judgment for defendant and close this case.

Entered March 8, 2017.

BY THE COURT:
/s/

_____
JAMES D. PETERSON
District Judge